IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MOHAMMED ALI LITON,

    Plaintiff,

v.                                                                                                    Civil Action No. **3:15CV368**

MR. RAMOS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Mohammed Ali Liton, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. The matter is before the Court for screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the action will be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require [] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint,[1] Liton alleges, in sum:

> I Mohammed Ali Liton . . . filing the Complaint . . . against my unit team at Petersburg-Low and Coleman-Low on: K. Williams (Unit Manager); M. Campbell (Case Manager); K. Callahan (Counselor) and Ramos, Jones & Chambers, accordingly.
> 
> I was sent to Petersburg-Low in July 2014. My legal paperwork never made it to my property. My sister tried to call and speak to Mr. Ramos and Chambers to mail me my paperwork. They lied about sending and later wouldn't answer my sister's call. Similarly, Jones, my case manager at Coleman never filed my clemency and address relocation which I have requested. When I asked my Petersburg team unit to retrieve my legal paperwork from my legal locker at Coleman they were very unwilling. When I asked to start the grievance procedure, they told me it's not needed. Later on, they sent e-mail and left phone msgs but no reply from Coleman. That's when I complained to this Court.
> 
> Recently, I was denied . . . my halfway house request. BOP reasoned it's my charge. However, under 2nd Chance Act, every inmate supposed to be able to be recommended for up to 12 months of halfway house and/or 10% of sentence in home confinement. In addition, my request for relocation was never filed by my Petersburg team up until 4/14/15. When I pointed it out, my acting case manager had an attitude with me. I think these are all part of the retaliation because of my Complaint to the Court.

(Compl. 6.) Liton asks for $600 in damages.

---

[1] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the punctuation, spelling, and capitalization in quotations from the Complaint.

### III. ANALYSIS

Because Defendants are federal officers, Liton apparently invokes *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) despite his characterization of his Complaint as one brought pursuant to 42 U.S.C. § 1983. "In order to state a viable *Bivens* claim, a plaintiff must allege facts which indicate that a person acting under color of federal authority deprived him or her of a constitutional right." *Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (footnote omitted) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). In his Complaint, Liton fails to identify the particular constitutional right, much less any constitutional right, that was violated by the Defendants' conduct. At most he alleges that Defendants Ramos and Chambers provided his sister false information and failed to return his sister's phone call, and that Defendant Jones never filed certain paperwork for Liton. Even under the generous construction afforded *pro se* complaints, the Court fails to discern a constitutional violation on the face of Liton's complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits."). For this reason alone, Liton's Complaint will be dismissed.

Even if Liton had stated a claim of constitutional dimension, he fails to name Defendants Williams, Campbell, and Callahan in the body of his Complaint except to indicate that they are named as defendants in the action. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Liton fails to explain how Defendants Williams, Campbell, and Callahan

4

were personally involved in the events for which Liton seeks relief. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Thus, Liton has also failed to state a claim against Defendants Williams, Campbell, and Callahan.

## IV. CONCLUSION

Accordingly, Liton's claims will be DISMISSED. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3-9-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge